BEATTY, Justice
(concurring in part; dissenting in part):
I concur in that part of the majority opinion which discusses the merits of the case. I dissent, however, as to that part which deals with jurisdiction.
The respondent forcefully argues, and I agree, that this Court is without jurisdiction to review this petition. The majority lists those dates which are pertinent to this discussion, and it is clear that Coughlin’s petition was filed more than 14 days after the Court of Civil Appeals had overruled an application for rehearing of its decision. Rule 39, Alabama Rules of Appellate Procedure, reads in pertinent part:
“(a) Decisions of the courts of appeals may be reviewed by the supreme court *22 upon petition for writ of certiorari only after the court of appeals has overruled an application for rehearing on the point, issue or decision complained of....
“(b) The petition for certiorari, with an accompanying brief, shall be filed with the clerk of the supreme court pursuant to Rule 25(a), within H days (two weeks) after the decision of the court of appeals on the application for rehearing.”
Rule 2(b) and (c), A.R.A.P., amended in 1981, make it absolutely clear that the timely filing of a petition for certiorari is a jurisdictional matter. These sections read in pertinent part:
“(b) In the interest of expediting decision, or for other good cause shown, an appellate court may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction; provided, however, ... the supreme court may not extend the time for filing a petition for certiorari to the courts of appeals as provided in Rule 39(b) ....
“Amended eff. May 18, 1981; July 15, 1981.
“(c) A petition for certiorari to the courts of appeals shall be dismissed if the petition for certiorari was not timely filed to invoke the jurisdiction of the supreme court.
“Amended eff. May 18, 1981.”
In applying these rules to the present case, there is no question that this Court is without jurisdiction to review Mr. Cough-lin’s request.
Petitioner maintains, and the majority agrees, that he is properly before this Court. Coughlin argued that the original opinion of the Court of Civil Appeals was substantially changed by the substituted pages prior to the overruling of his application for rehearing.
We cannot agree that the changes complained of were substantial, and, contrary to the majority’s holding; they in no way affected the results or rationale of the November 16 decision. Further, the changes in no way affected the finality of the December 14, 1983, action by the Court of Civil Appeals overruling petitioner’s application for rehearing. The last sentence of Rule 40, A.R.A.P., is clear, and, since petitioner’s application for rehearing was overruled without opinion on December 14, the action taken by Coughlin on December 16 did nothing to toll the running of the 14-day period. Thus, his appeal was filed too late to invoke the jurisdiction of this Court.
FAULKNER and SHORES, JJ., concur.